IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 NOV 27 P 4:00

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

ADRIAN JONES #309040,

    Plaintiff,

v.

OFFICER B. WALKER, et al.,

    Defendants.

CIVIL ACTION NO. L-07-2999

## MEMORANDUM

Pending is Adrian Jones's Motion for Leave to Proceed In Forma Pauperis, filed in conjunction with his 42 U.S.C. § 1983 civil rights action. Jones has demonstrated that he is unable to pay the necessary fees to pursue his claims. Accordingly, the Court will, by separate order, grant Plaintiff's Motion pursuant to 28 U.S.C. § 1915(a).

Because Jones fails to state a claim on which relief can be granted, however, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a cognizable constitutional claim.

**I**    **Background**

Jones is presently confined within the Maryland Division of Correction and housed at the North Branch Correctional Institution in Cumberland, Maryland. Jones's Complaint seeks money damages for the value of personal property he alleges that Officer Walker took from him while Jones served a segregation sentence. Plaintiff acknowledges in his Complaint that he has not attempted to resolve his claim through the Administrative Remedy Procedure process available to Maryland prisoners.

**II**    **Standard of Review**

Under § 803(d) of the Prison Litigation Reform Act of 1995, no action with respect to prison conditions shall be brought by a prisoner under 42 U.S.C. §1983, or any other Federal law, until available administrative remedies are exhausted. See 42 U.S.C. §1997e(a). A review of the Division of Correction's Administrative Remedy Procedure ("ARP") contained in Division of Correction Directive ("DCD") 185-001 *et seq.*, shows that Plaintiff's property claim is precisely the type of situation that procedure was designed to resolve. Because he may seek relief through the ARP process for his claims and because he has failed to exhaust those remedies, Plaintiff's Complaint shall be dismissed without prejudice. Plaintiff may re-file his action using the appropriate court forms after he has exhausted his administrative remedies through the institutional (Warden) and Division of Headquarters (Commissioner) levels.

### III. Conclusion

For the foregoing reasons, the Court will, by separate Order:

(i)   GRANT Plaintiff's Motion for Leave to File In Forma Pauperis;

(ii)  DISMISS Plaintiff's Complaint without prejudice;

(iii) DIRECT the Clerk to close this case; and

(iv)  DIRECT the Clerk to Mail a copy of the Memorandum and Order to Plaintiff.

Dated this 27TH day of Nov., 2007.

/s/
Benson Everett Legg
Chief Judge